CLOSED

# U.S. District Court
## District of Vermont (Burlington)
## CRIMINAL DOCKET FOR CASE #: 2:17-mj-00050-jmc-1

Case title: USA v. Murakami                    Date Filed: 05/22/2017
Other court case number: 17-MJ-6119-MPK USDC - District of    Date Terminated: 05/22/2017
                         Massachusetts

Assigned to: Judge John M. Conroy

**Defendant (1)**

**Yasuna Murakami**                 represented by    **Paul S. Volk , Esq.**
*TERMINATED: 05/22/2017*                               Blodgett, Watts & Volk, P.C.
                                                       72 Hungerford Terrace
                                                       P.O. Box 8
                                                       Burlington, VT 05402-0008
                                                       (802) 862-8919
                                                       Fax: (802) 862-8997
                                                       Email: pvolk@bwvlaw.com
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Designation: Retained*

                                                       **Seth B. Orkand , Esq.**
                                                       Demeo LLP
                                                       200 State Street
                                                       Boston, MA 02109
                                                       (617) 263-2600
                                                       Fax: (617) 263-2300
                                                       *PRO HAC VICE*
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Designation: Retained*

**Pending Counts**                                  **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                               **Disposition**

None

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Wendy L. Fuller , AUSA** |
| | | United States Attorney's Office |
| | | District of Vermont |
| | | P.O. Box 570 |
| | | Burlington, VT 05402-0570 |
| | | (802) 951-6725 |
| | | Email: wendy.fuller@usdoj.gov |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Assistant US Attorney* |

| Date Filed | # | Docket Text |
|---|---|---|
| 05/22/2017 | 1 | RULE 5(c)(3) Documents Obtained from District of Massachusetts as to Yasuna Murakami. (Attachments: # 1 Complaint, # 2 Affidavit of Matthew J. Grady, # 3 Motion to Seal, # 4 Warrant for Arrest, # 5 Motion to Unseal)(law) (Entered: 05/22/2017) |
| 05/22/2017 | 2 | MOTION for Admission Pro Hac Vice of Seth B. Orkand by Yasuna Murakami. (Attachments: # 1 Affidavit of Seth B. Orkand, # 2 Certificate of Good Standing)(jlh) (Entered: 05/23/2017) |
| 05/22/2017 | 3 | MINUTE ENTRY for proceedings held before Judge John M. Conroy: Initial Appearance in Rule 5(c)(3) Proceedings as to Yasuna Murakami held on 5/22/2017. Deft present with Paul Volk, Esq.and Seth Orkand, Esq.; Wendy Fuller, AUSA present for Govt. ORDERED: 2 Motion for Admission Pro Hac Vice of Seth B. Orkand is granted. Deft waives Identification and Probable Cause Hearing. ORDERED: Deft to be released on a $50,000.00 unsecured bond with conditions including reporting to USDC D.of MA in Boston on 5/24/17 at 11:30 a.m.. (Court Reporter: recorded) (jjj) (Entered: 05/23/2017) |
| 05/22/2017 | | ATTORNEY UPDATE as to Yasuna Murakami. Attorney Paul S. Volk, Esq for Yasuna Murakami added. (jjj) (Entered: 05/23/2017) |
| 05/22/2017 | 4 | ORDER Setting Conditions of Release as to Yasuna Murakami. Signed by Judge John M. Conroy on 5/22/2017. (jjj) (Entered: 05/23/2017) |
| 05/22/2017 | 5 | APPEARANCE BOND as to Yasuna Murakami in amount of $ 50,000.00 unsecured,. Signed by Judge John M. Conroy on 5/22/2017. (jjj) (Entered: 05/23/2017) |

| 05/22/2017 | | RECEIPT for Surrender of Passport and Passport Card as to Yasuna Murakami Passport Number 505932187, Passport Card Number C09639174 issued by United States of America. (hbc) (Entered: 05/23/2017) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/23/2017 13:54:49 | | | |
| **PACER Login:** | maddc8074:4001889:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:17-mj-00050-jmc |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

VICTIM

# United States District Court
## District of Massachusetts (Boston)
## CRIMINAL DOCKET FOR CASE #: 1:17−mj−06119−MPK−1

---

Case title: USA v. Murakami                    Date Filed: 05/17/2017

---

Assigned to: Magistrate Judge M.
Page Kelley

2:17-mk-50-1

**Defendant (1)**

**Yasuna Murakami**                    represented by    **Seth B. Orkand**
Demeo LLP
200 State Street
Boston, MA 02109
617−263−2600
Fax: 617−263−2300
Email: sorkand@demeollp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**                                 **Disposition**

None

**Highest Offense Level
(Opening)**

None

**Terminated Counts**                              **Disposition**

None

**Highest Offense Level
(Terminated)**

None

**Complaints**                                     **Disposition**

18:1343− Wire Fraud

---

**Plaintiff**

**USA**                                represented by    **Jordi deLlano**
United States Attorney's Office MA
1 Courthouse Way
Suite 9200
Boston, MA 02210
(617) 748−3155
Email: jordi.de.llano.campos@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|

| 05/17/2017 | 2 | MOTION to Seal as to Yasuna Murakami by USA. (Moore, Kellyann) (Entered: 05/18/2017) |
|---|---|---|
| 05/17/2017 | 3 | Magistrate Judge M. Page Kelley: ENDORSED ORDER entered granting 2 Motion to Seal as to Yasuna Murakami (1). "Allowed" (Moore, Kellyann) (Entered: 05/18/2017) |
| 05/17/2017 | 4 | SEALED COMPLAINT as to Yasuna Murakami (1). (Attachments: # 1 Affidavit, # 2 JS45)(Moore, Kellyann) (Entered: 05/18/2017) |
| 05/18/2017 | 1 | ELECTRONIC NOTICE of Case Assignment as to Yasuna Murakami; Magistrate Judge M. Page Kelley assigned to case. (Abaid, Kimberly) (Entered: 05/18/2017) |
| 05/22/2017 | 6 | MOTION to Unseal Case as to Yasuna Murakami by USA. (Moore, Kellyann) (Entered: 05/22/2017) |
| 05/22/2017 | 7 | Magistrate Judge M. Page Kelley: ELECTRONIC ORDER entered granting 6 Motion to Unseal Case as to Yasuna Murakami (1) (Moore, Kellyann) (Entered: 05/22/2017) |
| 05/22/2017 | | Arrest of Yasuna Murakami in District of Vermont. (Moore, Kellyann) (Entered: 05/22/2017) |

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the

District of Massachusetts

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | 2:17-mj-50-1 |
| | ) | Case No. |
| Yasuna Murakami | ) | 17-MJ-6119-MPK |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   May 2011 through December 2016   in the county of   Middlesex and elsewhere   in the

_____ District of   Massachusetts   , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1343 | Wire Fraud |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Matthew J. Grady, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  May 17, 2017

_____
*Judge's signature*

City and state:          Boston, Massachusetts          Hon. M. Page Kelley, U.S. Magistrate Judge
*Printed name and title*

2:17-mj-50-1

### AFFIDAVIT IN SUPPORT OF
### CRIMINAL COMPLAINT, ARREST WARRANT,
### SEARCH WARRANT AND SEIZURE WARRANT

I, Matthew J. Grady, having been duly sworn, do hereby depose and state as follows:

#### INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent with the Federal Bureau of Investigation ("FBI"). and have been so employed since 2011. I am currently assigned to a Securities Fraud squad within the Boston Division. In that capacity, my responsibilities include the investigation of federal offenses including, but not limited to, wire fraud, mail fraud, securities fraud, and other economic crimes. As part of my work at the FBI, I have received training regarding securities fraud and white collar crimes.

2.      Based on my training and experience, I am familiar with federal criminal laws and know that it is a violation of Title 18, United States Code, Section 1343 for a person having devised a scheme or artifice to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises, to transmit or cause to be transmitted by means of wire communication in interstate or foreign commerce, any writing, sign, signal, picture, or sound for the purpose of executing such scheme or artifice to defraud. Having so said, I make this affidavit in support of a criminal complaint charging Yasuna Murakami ("**MURAKAMI**") with wire fraud, in violation of Title 18, United States Code, Section 1343.

3.      I also make this affidavit in support of an application for a search and seizure warrant authorizing the United States to seize for forfeiture the following asset:

> a.  one black Nissan GT-R, vehicle identification number
> JN1AR5EFXAM231554, registered to Yasuna MURAKAMI,

1

(the "Vehicle").  Probable cause exists to believe that the Vehicle is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

4.      In addition, because probable cause exists to believe the Vehicle is located within private property, a parking garage at 10 Rogers Street in Cambridge, Massachusetts, I also make this affidavit in support of an application, pursuant to Rule 41(c)(2) of the Federal Rules of Criminal Procedure, for a search warrant authorizing the search of the premises, more particularly described in Attachment 1 to the search warrant application, for the Vehicle as described above.

5.      I am familiar with the facts and circumstances set forth in this affidavit based on my personal participation in the investigation, including my examination of reports and records, interviews I have conducted, and conversations with other law enforcement officers and other individuals. In submitting this affidavit, I have not included every fact known to me about this investigation.  Rather, I have only submitted those facts which I believe are sufficient to establish probable cause.

## STATEMENT OF PROBABLE CAUSE

### General Background

6.      **MURAKAMI** is a 44-year old male who resides in Cambridge, Massachusetts.  According to Massachusetts Secretary of State records, **MURAKAMI** is a managing member of MC2 Capital Management LLC ("MC2 Capital"), which is an investment advisory firm organized on August 17, 2007 and based in Cambridge, Massachusetts.  Through MC2 Capital, **MURAKAMI** established and managed two separate hedge funds: (i) MC2 Capital Partners LLC (the "Partners Fund") and (ii) MC2 Capital Value Partners LLC (the "Value Fund").

2

7.     The Partners Fund was organized on August 17, 2007 and the Value Fund was organized on August 28, 2008.  Delaware Secretary of State records indicate that MC2 Capital was the sole managing member of the both the Partners and Value Funds.

8.     In May 2011, **MURAKAMI** launched another hedge fund advisory firm named MC2 Canada Capital Management LLC ("MC2 Canada").  Massachusetts Secretary of State records reveal that **MURAKAMI** is a managing member of MC2 Canada.  Through this entity, **MURAKAMI** established and managed MC2 Capital Canadian Opportunities Fund LLC (the "Canada Fund"), which was a third hedge fund organized on May 18, 2011.  Delaware Secretary of State records indicate that MC2 Canada was the sole managing member of the Canada Fund.

**Structure and Organization of the Canada Fund**

9.     According to marketing materials provided to investors, the Canada Fund was a "long/short equity fund that allows US investors to gain exposure to Canadian equities through a fund managed by one of the top performing money managers in Canada[,]" Donville Kent Asset Management ("DKAM") - a Toronto-based asset management firm founded by Jason Donville in 2007.

10.     The Canada Fund's Private Placement Memorandum indicated that its investment objective was "to mimic the investment strategy and investments of the [DKAM] Capital Ideas Fund."  Between 2008 and 2011, DKAM was very successful in the Canadian securities market, and specifically with its DKAM Capital Ideas Fund, which had as its objective to "exceed the annual returns of the S&P 500 or another index whose return mirrors the S&P."

11.     DKAM, however, was unable to accept direct investments of U.S. tax paying investors in its Capital Ideas Fund, so it entered into an agreement with MC2 Canada whereby DKAM was responsible for the trading of Canada Fund assets in exchange for 70% of the management and performance fees earned by MC2 Canada.

12.     Under the terms of the agreement with MC2 Canada, DKAM managed the Canada Fund's daily trading activity.  Although DKAM was responsible for directing the trading activity for the Canada Fund, and had access to the fund's brokerage account, it was not given access to a complete list of investors, the amounts each investor had contributed to the Canada Fund, or the dates when such contributions were made.

**Scheme to Defraud**

13.     Beginning in or around May 2011, and continuing through in or around December 2016, **MURAKAMI** devised and executed a scheme to defraud investors in the Canada Fund.  As part of the scheme, **MURAKAMI** solicited and obtained investments from individual and institutional investors by representing that the investment strategy and day-to-day management of investments would be handled by the highly sought-after DKAM.

14.     After investors provided **MURAKAMI** with assets to invest in the Canada Fund, **MURAKAMI** misappropriated millions of investor dollars by fraudulently diverting the investments to business and personal bank accounts he controlled and using investor funds to make personal investments in the Canada Fund.  In addition, **MURAKAMI** misused Canada Fund investor assets to make payments to other individuals who had invested in his other hedge funds.

4

**Canada Fund Family Investor Group Victim ("VICTIM-1")**

15.     As part of my investigation, I interviewed representatives of VICTIM-1, a family investor group that was one of the largest investors in the Canada Fund. Between May 2012 and August 2013, VICTIM-1 contributed $2 million dollars for investment in the Canada Fund. According to VICTIM-1, it was interested in investing directly with DKAM but was unable to do so because DKAM could not accept investments from U.S. tax-paying investors.

16.     At some point after the Canada Fund launched, VICTIM-1 was directed to **MURAKAMI** and MC2 Canada in order to invest and have access to DKAM's trading strategy in Canadian equities. VICTIM-1 stated that had it not been for MC2 Canada's relationship with DKAM, it would not have invested with **MURAKAMI**.

17.     On or about May 15, 2012, VICTIM-1 made its first investment of $1 million dollars in the Canada Fund. Based on my review of bank and brokerage records for MC2 Canada, the Canada Fund, and other entities controlled by **MURAKAMI**, **MURAKAMI** misappropriated VICTIM-1's entire initial investment. VICTIM-1 made its initial investment by wire transfer from its JP Morgan Chase bank account to Bank of America ("BOA") account -2416, held in the name of the Canada Fund. **MURAKAMI** had signatory authority and access to BOA account -2416.

18.     After receiving VICTIM-1's initial investment, **MURAKAMI** immediately transferred $880,000 from BOA account -2416 to BOA account -0215, which was held in the name of **MURAKAMI's** other investment advisory firm, MC2 Capital. **MURAKAMI** then transferred the remainder of VICTIM-1's initial investment ($120,000) to BOA account -3926, which was held in the name of the Value Fund –

5

another hedge fund managed by **MURAKAMI**. **MURAKAMI** had signatory authority and access to BOA accounts -0215 (MC2 Capital) and -3926 (Value Fund).

19.     At the time **MURAKAMI** transferred VICTIM-1's initial investment to the MC2 Capital BOA account -0215 and Value Fund BOA account -3926, the balances in those accounts were $964.63 and $259.69, respectively.

20.     On or about May 17, 2012, **MURAKAMI** deposited a $750,000 check written on the MC2 Capital BOA account -0215 into the Canada Fund's brokerage account, which was maintained at JP Morgan Securities. **MURAKAMI**, however, did not attribute that investment to VICTIM-1. Records from the third-party administrator for the Canada Fund show that $650,000 of the $750,000 deposited by **MURAKAMI** was registered as if the investment had been made by **MURAKAMI** personally rather than VICTIM-1. **MURAKAMI** attributed the remaining $100,000 to a prospective investor who had not invested in the Canada Fund as of May 2012.

21.     Review of the BOA records for the Value Fund account -3296 (the other account into which **MURAKAMI** diverted VICTIM-1's assets) reveals that **MURAKAMI** subsequently transferred almost the entire $120,000 to accounts he controlled. The following chart shows how in the week following VICTIM-1's initial investment, **MURAKAMI** made 14 transfers in increments of $10,000 or less from the Value Fund account -3926 to other BOA accounts he controlled.

6

| Transfer Activity from Value Fund Account -3926 | | | |
|---|---|---|---|
| | Date | Amount | Wired To | Account Name |
| 1 | 05/15/2012 | $9,900 | BOA -3424 | Jennifer I-Wen or Yasuna J Murakami |
| 2 | 05/15/2012 | $9,750 | BOA -6386 | Yasuna J Murakami River Court Apts |
| 3 | 05/16/2012 | $9,900 | BOA -6386 | Yasuna J Murakami River Court Apts |
| 4 | 05/16/2012 | $9,500 | BOA -3424 | Jennifer I-Wen or Yasuna J Murakami |
| 5 | 05/17/2012 | $9,975 | BOA -6386 | Yasuna J Murakami River Court Apts |
| 6 | 05/17/2012 | $9,700 | BOA -3424 | Jennifer I-Wen or Yasuna J Murakami |
| 7 | 05/18/2012 | $9,750 | BOA -6386 | Yasuna J Murakami River Court Apts |
| 8 | 05/18/2012 | $7,000 | BOA -3424 | Jennifer I-Wen or Yasuna J Murakami |
| 9 | 05/21/2012 | $10,000 | BOA -0215 | MC2 Capital |
| 10 | 05/21/2012 | $9,500 | BOA -6386 | Yasuna J Murakami River Court Apts |
| 11 | 05/21/2012 | $9,500 | BOA -6386 | Yasuna J Murakami River Court Apts |
| 12 | 05/21/2012 | $6,000 | BOA -3424 | Jennifer I-Wen or Yasuna J Murakami |
| 13 | 05/21/2012 | $5,000 | BOA -6386 | Yasuna J Murakami River Court Apts |
| 14 | 05/22/2012 | $4,000 | BOA -6386 | Yasuna J Murakami River Court Apts |
| | **TOTAL** | **$119,475** | | |

22.     Following the transfers depicted in the table above, **MURAKAMI** spent

VICTIM-1's funds on personal expenses such as international travel, payments to student

loans, credit cards, and high-end department stores. **MURAKAMI** also made numerous

transfers from the receiving accounts in the table above to a bank account in his name at

the Bank of Montreal.

23.     VICTIM-1 made a second $1 million dollar investment in the Canada

Fund on or about August 23, 2013. Just as with VICTIM-1's initial contribution,

**MURAKAMI** misappropriated the entire amount. Bank records reveal that on or about

August 23, 2013, **MURAKAMI** transferred $700,000 of VICTIM-1's investment to the

MC2 Capital BOA account -0215, and $300,000 to the Value Fund BOA account -3926.

24.     At that time, the balances in the MC2 Capital BOA account -0215 and

Value Fund BOA account -3926 were $13,785.04 and $13,619.54, respectively.

7

25.     Just as **MURAKAMI** had previously done, only $200,000 of the $700,000 transferred to the MC2 Capital account -0215 was actually invested in the Canada Fund. **MURAKAMI** once again attributed this contribution to investors other than VICTIM-1.

26.     Value Fund BOA account records similarly reveal that in the days after diverting $300,000 of VICTIM-1's second contribution to the Canada Fund, **MURAKAMI** made over twenty transfers totaling approximately $220,000 to other BOA accounts he controlled and that he subsequently spent the majority of the funds on personal expenses.

**Canada Fund Individual Investor Victim ("VICTIM-2")**

27.     As part of my investigation I also interviewed VICTIM-2, who was an individual investor in the Canada Fund. On or about May 23, 2012, VICTIM-2 transferred $50,000 from his Individual Retirement Account held at JP Morgan Chase to the Canada Fund BOA account -2416. Rather than transferring VICTIM-2's contribution to the Canada Fund brokerage account for investment, **MURAKAMI** misappropriated VICTIM-2's funds and purchased a luxury sports car.

28.     Bank records reveal that immediately after receiving VICTIM-2's $50,000 wire, **MURAKAMI** moved VICTIM-2's funds through three different bank accounts he controlled. The table below shows **MURAKAMI's** transfer of VICTIM-2's investment through the various BOA accounts **MURAKAMI** controlled.

| Date | Amount | From | To |
|------|--------|------|-----|
| 05/23/2012 | $50,000 | VICTIM-2 investment (JP Morgan IRA) | BOA -2416 (Canada Fund) |
| 05/23/2012 | $50,000 | BOA -2416 (Canada Fund) | BOA -0215 (MC2 Capital) |
| 05/23/2012 | $41,000 | BOA -0215 (MC2 Capital) | BOA -3926 (Value Fund) |
| 05/23/2012 | $40,000 | BOA -3926 (Value Fund) | BOA -6386 (Yasuna J Murakami River Court Apts) |
| 05/24/2012 | $10,000 | BOA -0215 (MC2 Capital) | BOA -3926 (Value Fund) |
| 05/24/2012 | $9,500 | BOA -3926 (Value Fund) | BOA -6386 (Yasuna J Murakami River Court Apts) |

29.     After VICTIM-2's assets reached **MURAKAMI's** personal BOA account -6386, he used the diverted funds to, among other things, purchase the Vehicle for himself and pay personal bills. At the time of the purchase, **MURAKAMI's** personal BOA account -6386, the account that funded the Vehicle's purchase, contained diverted funds obtained from VICTIM-1 and VICTIM-2. **MURAKAMI** used approximately $40,000 of stolen investor funds to pay for the Vehicle and obtained financing for the balance of the purchase price.

**Canada Fund Investor Assets Used to Pay Investors in Earlier Hedge Funds**

30.     **MURAKAMI** also misused Canada Fund investor assets to satisfy redemption requests made by investors in other hedge funds **MURAKAMI** controlled. For example, review of Canada Fund and MC2 Capital BOA account records reveal that **MURAKAMI** used $100,000 of VICTIM-1's second $1 million dollar contribution to the Canada Fund to pay off Investor T.P., who had previously invested in one of **MURAKAMI's** other hedge funds (the Partners Fund).

31.     **MURAKAMI** effected this payment via check drawn on the MC2 Capital BOA account -0215 after transferring a large portion of VICTIM-1's investment from the Canada Fund BOA account -2416.

## MURAKAMI's Efforts to Conceal Fraud and Lull Investor Victims

32.     In order to prevent detection and lull Canada Fund investors into believing their investments were safe, **MURAKAMI** routinely provided them with documents containing false and fraudulent information regarding the investors' assets.

33.     On numerous occasions, **MURAKAMI** provided VICTIM-1 with Schedule K-1 tax forms, which falsely reflected investments by VICTIM-1 in the Canada Fund that **MURAKAMI** never actually made.  For instance, on April 14, 2013, **MURAKAMI** e-mailed VICTIM-1 a 2012 Schedule K-1 tax form.  Despite not having made any investments on VICTIM-1's behalf, the Schedule K-1 sent by **MURAKAMI** falsely reflected an increase in VICTIM-1's initial $1 million dollar investment of approximately $77,000.  On November 1, 2016, **MURAKAMI** e-mailed VICTIM-1 an account statement indicating that VICTIM-1's $2 million dollar investment had grown to over $4.4 million dollars.

34.     Finally, **MURAKAMI** also withheld material information from Canada Fund investors in order to prevent them from seeking to redeem their interests in the fund.  As noted above, VICTIM-1 invested in the Canada Fund solely because of MC2 Canada's affiliation with DKAM.  In February 2015, however, DKAM notified **MURAKAMI** that as of May 2015, it would no longer continue its advisory relationship with the Canada Fund.  At no point, however, did **MURAKAMI** inform any Canada Fund investor that DKAM would no longer direct the investment strategy and trading for the Canada Fund.

**The Vehicle is Forfeitable to the United States**

35.     As described in paragraphs 27-29 above, the Vehicle was purchased with funds diverted from the purported investments of VICTIM-1 and VICTIM-2. The diverted funds constitute proceeds of the above-described wire fraud scheme.

36.     The Vehicle is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 because the Vehicle constitutes "any property, real or personal, which constitutes or is derived from proceeds traceable to a violation" of any specified unlawful activity, which includes wire fraud in violation of 18 U.S.C. § 1343.

37.     Pursuant to 18 U.S.C. § 981(b)(2) and 21 U.S.C. § 853(f), incorporated by 28 U.S.C. § 2461, this Court has the authority to issue the requested seizure warrant "obtained in the same manner as provided for a search warrant under the Federal Rules of Criminal Procedure."

**Request for a Search Warrant**

38.     **MURAKAMI** resides within an apartment building, with an attached parking garage, at 10 Rogers Street in Cambridge, Massachusetts. The Vehicle's registered address is also at that location. Therefore, probable cause exists to believe that the Vehicle, the fruits of the above-described offense, will be at that location. Pursuant to Rule 41(c)(2) of the Federal Rules of Criminal Procedure, this Court has the authority to issue a search warrant to authorize entry into the premises, including the parking garage, to search for and seize the Vehicle.

## CONCLUSION

39.     Based on the foregoing, I have probable cause to believe that **MURAKAMI** devised and intended to devise a scheme and artifice to defraud, and

obtained money and property by means of material false and fraudulent pretenses, representations, and promises and did cause writings, signs, signals, pictures and sounds to be transmitted by means of wire communication in interstate commerce for the purpose of executing such scheme and artifice in violation of Title 18, United States Code, Section 1343.

40.     Based on the foregoing, I also have probable cause to believe that the Vehicle is subject to forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.SC. § 2461, as property which constitutes or is derived from proceeds traceable to Wire Fraud, a specified unlawful activity, in violation of 18 U.S.C. § 1343.  I also have probable cause to believe that the Vehicle represents the fruits of the above-described crime and will be located on private property at 10 Rogers Street, Cambridge.  I respectfully request the Court issue the requested Search and Seizure Warrant.

MATTHEW J. GRADY
SPECIAL AGENT, FBI

SUBSCRIBED and SWORN to before me
this _17_ day of May 2017, in Boston, Massachusetts.

M. PAGE KELLEY
UNITED STATES MAGISTRATE JUDGE

12

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

YASUNA MURAKAMI,

Defendant.

2:17-mj-50-1

Case No. **17-MJ-6119-MPK**

### GOVERNMENT'S MOTION TO SEAL

The United States Attorney hereby respectfully moves the Court to seal the complaint,

supporting affidavit, this motion and the Court's order on this motion, and any other paperwork

related to this matter, until further order of this Court. As grounds for this motion, the

government states that public disclosure of these materials might jeopardize the ongoing

investigation of this case, as well as the government's ability to arrest the defendant.

The United States Attorney further moves pursuant to General Order 06-05 that the

United States Attorney be provided copies of all sealed documents which the United States

Attorney has filed in the above-styled matter.

Respectfully submitted,

WILLIAM D. WEINREB
Acting United States Attorney

Date: May 17, 2017

By:     /s/ *Jordi de Llano*
        Jordi de Llano
        Assistant United States Attorney
        United States Attorney's Office
        One Courthouse Way, Suite 9200
        Boston, MA 02210

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
## for the
### District of Massachusetts

2:17-mj-50-1

| | | | |
|---|---|---|---|
| United States of America | ) | | |
| v. | ) | Case No. | 17-MJ-6119-MPK |
| Yasuna Murakami | ) | | |
| | ) | | |
| | ) | | |
| | ) | | |
| *Defendant* | | | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   Yasuna Murakami                                                                            ,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☑ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

Wire Fraud, in violation of 18 USC 1343

Date:  *Mc, 17, 2017*

_____
*Issuing officer's signature*

City and state:     Boston, Massachusetts

Hon. M. Page Kelley, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____         _____ *Arresting officer's signature*    _____ *Printed name and title* |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

                        Plaintiff,

      vs.

YASUNA MURAKAMI,

                        Defendant.

Case No.  **17-MJ-6119-MPK**

2:17-mj-50-1

## GOVERNMENT'S MOTION TO UNSEAL

The United States of America hereby moves this Court to direct that the complaint, supporting affidavit, and any other paperwork related to this matter be unsealed.  In support of this motion, the government states that the defendant was arrested in the District of Vermont on May 20, 2017, and that there is no further reason to keep this matter secret.

                Respectfully submitted,

                WILLIAM D. WEINREB
                Acting United States Attorney

Date: May 21, 2017        By:   /s/ *Jordi de Llano*
                        Jordi de Llano
                        Assistant United States Attorney
                        United States Attorney's Office
                        One Courthouse Way, Suite 9200
                        Boston, MA 02210

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

IR# 4642016920
U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2017 MAY 22 PM 3: 21

CLERK

BY_____
DEPUTY CLERK

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. )    Case No. 17-mj-50-1
)
YASUNA MURAKAMI, )
)
Defendant. )
)

## MOTION FOR ADMISSION OF SETH B. ORKAND PRO HAC VICE

Defendant Yasuna Murakami hereby moves, through his attorney, pursuant to Local Rule

83.1, for the admission of Seth B. Orkand to practice *pro hac vice* in the above-captioned matter

in association with undersigned local counsel, to have all of the privileges for purposes of this

action of a member in full standing of the Bar of this Court.

In support hereof, Mr. Orkand has provided the attached affidavit.

- 1 -

Dated: May 22, 2017

Respectfully submitted,

YASUNA MURAKAMI

By his attorneys,

/s/ Paul S. Volk
Paul S. Volk
Blodgett, Watts & Volk, P.C.
P.O. Box 8
Burlington, MA, 05402

Seth B. Orkand, MA BBO No. 669810
DEMEO LLP
200 State Street
Boston, MA 02109
Tel:  (617) 263-2600
Fax:  (617) 263-2300
Email: sorkand@demeollp.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2017, the foregoing document was served by ECF filing upon counsel for the government.

/s/ Paul S. Volk
Paul S. Volk

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2017 MAY 22  PM 3: 22

CLERK
BY_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 17-mj-50-1 |
| | ) |
| YASUNA MURAKAMI, | ) |
| | ) |
| Defendant. | ) |

## AFFIDAVIT IN SUPPORT OF MOTION FOR
## ADMISSION OF SETH B. ORKAND PRO HAC VICE

I, Seth B Orkand, being duly sworn, affirm that:

1. I am an attorney at Demeo LLP, 200 State Street, Boston, Massachusetts 02109.  My office phone number is 617-263-2600.

2. I am making this Affidavit in support of an application to be admitted *pro hac vice* as counsel for Defendant Yasuna Murakami in the above-captioned matter.

3. I am a member in good standing of the bar of the Commonwealth of Massachusetts, the State of New York, the United States District Court for the District of Massachusetts, the United States District Court for the Eastern District of Michigan, and the United States Court of Appeals for the First Circuit.

4. I am a member in good standing of each bar of which I am a member, and there are no disciplinary proceedings pending against me in any jurisdiction.

5. The registration fee required by the United States District Court for the District of Vermont was paid on May 22, 2017.

6. I have not been denied admission to, been disciplined by, resigned from, surrendered my license to practice before, or withdrawn an application for admission to practice before this court or any other court, while facing a disciplinary complaint.

7. I have fully reviewed and am familiar with the Federal Rules of Civil and Criminal Procedure, the Local Rules of the United States District Court for the District of Vermont, and the Vermont Rules of Professional Conduct.

8. I hereby designate Paul S. Volk, Esq., Blodgett Watts & Volk, P.C., P.O. Box 8 Burlington, MA, 05402, as my agent for service of process and the District of Vermont as the forum for resolution of any dispute arising out of my admission.

9. A certificate of good standing from the Federal District Court for the District of Massachusetts is attached hereto.

Signed under the penalty of perjury, this 22nd day of May, 2017.

Seth B. Orkand, MA BBO No. 669810
DEMEO LLP
200 State Street
Boston, MA 02109
Tel: (617) 263-2600
Fax: (617) 263-2300
Email: sorkand@demeollp.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2017, the foregoing document was served by ~~ECF~~ *hand* filing upon counsel for the government.

/s/ Seth B. Orkand
Seth B. Orkand

# UNITED STATES DISTRICT COURT

District of Massachusetts

**CERTIFICATE OF**

**GOOD STANDING**

I,     Robert M. Farrell,     Clerk of this Court,

certify that     **Seth B. Orkand**,     Bar     **669810**,

was duly admitted to practice in this Court on

**January 24, 2008**,   and is in good standing

as a member of the Bar of this Court.

Dated at Boston, Massachusetts on   **May 22, 2017**

**Robert M. Farrell**

CLERK

*DEPUTY CLERK*

AO 199A  (Rev. 11/08) Order Setting Conditions of Release

# UNITED STATES DISTRICT COURT
### for the
### District of Vermont

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.   2:17MJ50-1 |
| YASUNA MURAKAMI | ) | |
| *Defendant* | ) | |

**U.S. DISTRICT COURT**
**DISTRICT OF VERMONT**
**FILED**
**5/22/17**
**BY_____**
**DEPUTY CLERK**

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)  The defendant must not violate any federal, state or local law while on release.

(2)  The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3)  The defendant must immediately advise the court, defense counsel, and the U.S. attorney in writing before any change in address or telephone number.

(4)  The defendant must appear in court as required and must surrender to serve any sentence imposed

The defendant must appear at *(if blank, to be notified)*  <u>U.S. District Court-1 Courthouse Way, Boston, MA</u>
*Place*

<u>Courtroom #24</u>  on  <u>05/24/2017 11:30 am</u>
*Date and Time*

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released on condition that:

( ✓ )  (5)  The defendant promises to appear in court as required and surrender to serve any sentence imposed.

( ✓ )  (6)  The defendant executes an unsecured bond binding the defendant to pay to the United States the sum of Fifty Thousand------------------------------------------------------------------------------dollars ($ <u>50,000.00</u> )
in the event of a failure to appear as required or surrender to serve any sentence imposed.

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL   SERVICES   U.S. ATTORNEY   U.S. MARSHAL

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons or the community, IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

(    ) (7)    The defendant is placed in the custody of:

      Person or organization _____

      Address *(only if above is an organization)* _____

      City and state _____ Tel. No. *(only if above is an organization)* _____

who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

                                                           Signed: _____

                                                                            *Custodian or Proxy*                           *Date*

( ✔ ) (8)    The defendant must:

     ( ✔ ) (a)    report to the pretrial services officer as directed,

                telephone number _____ , no later than _____ .

     ( ✔ ) (b)    execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:

                $50,000.00 Unsecured

     (   ) (c)    post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum

                .

     (   ) (d)    execute a bail bond with solvent sureties in the amount of $ _____ .

     (   ) (e)    maintain or actively seek employment.

     (   ) (f)    maintain or commence an education program.

     ( ✔ ) (g)    surrender any passport to:    Clerk, U.S. District Court

     ( ✔ ) (h)    obtain no passport.

     ( ✔ ) (i)    abide by the following restrictions on personal association, place of abode, or travel:    Travel restricted to VT and MA without preapproval of PTS;

                Maintain residence as approved by PTS

     ( ✔ ) (j)    avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or

                prosecution, including but not limited to:    Identified Government Witnesses

     (   ) (k)    undergo medical or psychiatric treatment: _____

     (   ) (l)    return to custody each (week) day at _____ o'clock after being released each (week) day at _____ o'clock for employment,

                schooling, or the following purpose(s): _____

     (   ) (m)    maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.

     ( ✔ ) (n)    refrain from possessing a firearm, destructive device, or other dangerous weapons.

     ( ✔ ) (o)    refrain from    (   ) any    ( ✔ ) excessive use of alcohol.

     ( ✔ ) (p)    refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical

                practitioner.

     ( ✔ ) (q)    submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance. Any

                testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of

                prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency

                and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.

     ( ✔ ) (r)    participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it

                advisable.

     (   ) (s)    participate in one of the following location monitoring program components and abide by its requirements as the pretrial services officer or supervising

                officer instructs.

         (   )   (i) **Curfew.** You are restricted to your residence every day    (   ) from _____ to _____ , or   (   ) as directed by the pretrial

                    services office or supervising officer; or

         (   )   (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse,

                    or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services

                    office or supervising officer; or

         (   )   (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities

                    specifically approved by the court.

     (   ) (t)    submit to the location monitoring indicated below and abide by all of the program requirements and instructions provided by the pretrial services officer or

                supervising officer related to the proper operation of the technology.

         (   )    The defendant must pay all or part of the cost of the program based upon your ability to pay as the pretrial services office or supervising officer

                    determines.

         (   )   (i) Location monitoring technology as directed by the pretrial services office or supervising officer;

         (   )   (ii) Radio Frequency (RF) monitoring;

         (   )   (iii) Passive Global Positioning Satellite (GPS) monitoring;

         (   )   (iv) Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS);

         (   )   (v) Voice Recognition monitoring.

     ( ✔ ) (u)    report as soon as possible to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to,

                any arrest, questioning, or traffic stop.

     ( ✔ ) (v)    maintain contact with attorney.

     (   ) (w)    once a treatment bed is available, the defendant shall report directly to the approved residential treatment program upon release. The defendant shall abide

                by program rules and regulations, execute all release forms, successfully complete the program, and follow all aftercare instructions and recommendations.

     (   ) (x)

AO 199C (Rev. 09/08) Advice of Penalties

Page ___3___ of ___3___ Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Defendant's Signature

Cambridge, MA
_____
City and State

### Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _____5/22/2017_____

_____
Judicial Officer's Signature

John M. Conroy, U.S. Magistrate Judge
_____
Printed name and title

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL

AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT
for the

District of Vermont

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| YASUNA MURAKAMI | ) |
| | ) Case No. 2:17MJ50-1 |
| | ) |
| *Defendant* | ) |

**U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED**

5/22/17

BY _____
**DEPUTY CLERK**

## APPEARANCE BOND

### Defendant's Agreement

I, _____ Yasuna Murakami _____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

      ( X )      to appear for court proceedings;
      ( X )      if convicted, to surrender to serve a sentence that the court may impose; or
      (   )      to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(   ) (1)   This is a personal recognizance bond.

( X ) (2)   This is an unsecured bond of $   50,000.00 _____ .

(   ) (3)   This is a secured bond of $ _____ , secured by:

      (   ) (a) $ _____ , in cash deposited with the court.

      (   ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value)*:

      If this bond is secured by real property, documents to protect the secured interest may be filed of record.

      (   ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1)     all owners of the property securing this appearance bond are included on the bond;
(2)     the property is not subject to claims, except as described above; and
(3)     I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date:  __5/22/19__                                          x _____
                                                                            *Defendant's signature*

_____          _____
*Surety/property owner – printed name*               *Surety/property owner – signature and date*

_____          _____
*Surety/property owner – printed name*               *Surety/property owner – signature and date*

_____          _____
*Surety/property owner – printed name*               *Surety/property owner – signature and date*

*CLERK OF COURT*

Date:  __5/22/17__                                          _____
                                                                            *Signature of Clerk or Deputy Clerk*

Approved.

Date:  __05/22/2017__                                      _____
                                                                            *Judge's signature*