UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YASUNA MURAKAMI,<br><br>Defendant. | Case No. 17-CR-10346-DPW |

**DEFENDANT YASUNA MURAKAMI'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR COMPASSIONATE RELEASE**

The government's Supplemental Opposition (ECF No. 64) demonstrates why compassionate release is necessary to protect Mr. Murakami from the increased severity of the COVID-19 virus due to his underlying medical conditions.  Although the Bureau of Prisons ("BOP") initially categorized Mr. Murakami as "medically vulnerable" and at a higher risk for serious illness or death if infected with the virus because of his hypertension (a condition that the government now unequivocally admits that he has), it has apparently changed the criteria for identifying inmates who are at increased risk and has removed him from its list.  Removing Mr. Murakami ignores the scientific data that his likelihood of dying from COVID-19 is more than *six times greater* than the general population, based on data from many thousands of patients in China,[1] and confirms that his pending petition to the BOP for compassionate release is futile.[2]

---

[1] Report of the WHO-China Joint Mission on Coronavirus Disease 2019 (COVID-19) at 12, available at http://who.int/docs/default-source/coronaviruse/who-china-joint-mission-on-covid-19-final-report.pdf (last accessed Apr. 4, 2020) (noting that mortality rate of patients with underlying hypertension in China was 8.4 percent).

[2] The government's Supplemental Opposition confirms that the BOP has started reviewing inmates with COVID-19 risk factors (a group that it now claims does not include Mr. Murakami) at FCI Oakdale, FCI Danbury, and FCI Elkton—institutions at which Mr. Murakami is not housed.

Although the government claims that the BOP removed Mr. Murakami from its list of medically vulnerable inmates to "reflect the Current Centers for Disease Control guidance" (Supp. Opp. at 1), it ignores that the CDC continues to advise that individuals with hypertension are at increased risk for death from COVID-19.[3] Even if the CDC's recommendations are in flux, it is concerning that the BOP is apparently taking the *narrowest* view of the CDC's recommendations concerning the risk of comorbid diseases, despite wide consensus that prisons are unique settings where inmates are especially vulnerable to disease.[4]

Although the government attached a letter from the warden at MDC Brooklyn to its Supplemental Opposition (ECF No. 64-1), it failed to explain the context in which it obtained that letter. Chief Judge Roslynn R. Mauskopf of the U.S. District Court for the Eastern District of New York ordered on April 2, 2020, that the BOP provide biweekly reports regarding COVID-19, in order to provide judges more reliable data on prison conditions.[5] These reports confirm that the BOP does not actually know how many inmates are carrying the virus because only a scant percentage of the inmate population has been tested. As of April 2, 2020, ***only seven out of 1,740 inmates at MDC Brooklyn had been tested for COVID-19***.[6] It is therefore not surprising that the BOP reported that only two inmates tested positive. A week later, ***only four additional inmates had been tested***.[7] As of that date, the BOP reported that additional three

---

[3] Centers for Disease Control and Prevention, *Interim Clinical Guidance for Management of Patients with Confirmed Coronavirus Disease (COVID-19)*, available at https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-guidance-management-patients.html (last accessed Apr. 13, 2020).
[4] *See*, *e.g.*, Decl. of Jonathan Giftos, M.D., attached as Exhibit A to Mr. Murakami's Motion (ECF No. 60-1).
[5] Administrative Order No. 2020-14 (E.D.N.Y. Apr. 2, 2020) ; *see also* Rob Abruzzese, "Brooklyn federal judge orders twice-weekly coronavirus reports on jails," *Brooklyn Daily Eagle* (Apr. 3, 2020), available at https://brooklyneagle.com/articles/2020/04/03/brooklyn-federal-judge-orders-twice-weekly-coronavirus-reports-on-jails/.
[6] Letter from Wardens M. Licon-Vitale and D. Edge to Chief Judge Roslynn R. Mauskopf (Apr. 3, 2020), available at https://www.nyed.uscourts.gov/sites/default/files/reports/bop/20200403_BOP_Report.pdf.
[7] Letter from Wardens M. Licon-Vitale and D. Edge to Chief Judge Roslynn R. Mauskopf (Apr. 9, 2020), available at https://www.nyed.uscourts.gov/pub/bop/MDC_MCC_20200409_043024.pdf.

inmates tested positive, as did nine staff members.  The fact that nearly every inmate tested in recent days was positive for COVID-19 suggests that the BOP is testing only the most severely ill patients, as opposed to all inmates who may have been exposed to the virus.  The lack of testing is extremely alarming, and indicates that the number of inmates who have and are transmitting COVID-19 may be exponentially higher.  Testing inmates for the virus is the only way to determine who is sick and who has been exposed, particularly where it is now known that as many as 50 percent of people carrying the disease are asymptomatic.[8]

Since Mr. Murakami filed his motion for compassionate release, an increasing number of courts have granted release to inmates with underlying medical conditions, including hypertension.  *See United States v. William Sawicz*, No. 08-cr-287-ARR, 2020 WL 1815851, (E.D.N.Y. Apr. 10, 2020) (waiving administrative exhaustion requirement and granting motion of inmate with hypertension where "defendant is at risk of suffering severe complications if he were to contract COVID-19 because of his hypertension"); *United States v. Trent*, 16-cr-00178, 2020 WL 1812214 (N.D. Cal. Apr. 9, 2020) (granting immediate release).  In cases not cited in Mr. Murakami's motion, other courts previously granted compassionate release.  *See United States v. Zukerman*, 16-cr-194-AT (Dkt. No. 116) (S.D.N.Y. Apr. 3, 2020) (finding that excusing exhaustion during "rapidly advancing pandemic" furthers the purpose of the First Step Act to "increase[e] the use and transparency of compassionate release."); *United States v. Hernandez*, No. 18-cr-00834, 2020 WL 1684062 (S.D.N.Y. Apr. 2, 2020) (granting release to home

---

[8] Rob Plater, "As Many as 50 Percent of People with COVID-19 Aren't Aware They Have the Virus," *Healthline* (Apr. 8, 2020), available at https://www.healthline.com/health-news/50-percent-of-people-with-covid19-not-aware-have-virus; *see also* Wycliffe E. Wei *et al*, "Presymptomatic Transmission of SARS-CoV-2 — Singapore, January 23–March 16, 2020," *CDC Morbidity and Mortality Weekly Report* (Apr. 10, 2020), available at https://www.cdc.gov/mmwr/volumes/69/wr/mm6914e1.htm?s-cid=mm6914e1_e&deliveryName=USCDC_921-DM24694.

confinement); *United States v. Resnick*, No. 14-cr-00810, 2020 WL 1651508 (S.D.N.Y. Apr. 2, 2020) (same); *United States v. Edwards*, No. 17-cr-00003, 2020 WL 1650406 (W.D. Va. Apr. 2, 2020) (same); *United States v. Gonzales*, No. 18-cr-00232, 2020 WL 1536155 (E.D. Wash. Mar. 31, 2020) (Same); *United States v. Muniz*, No. 09-cr-00199, 2020 WL 1540325 (S.D. Tex. Mar. 30, 2020) (same); *United States v. Campagna*, No. 16-cr-00078, 2020 WL 1489829 (S.D.N.Y. Mar. 27, 2020) (same). This court should do the same.

Dated: April 13, 2020

Respectfully submitted,

YASUNA MURAKAMI

By his attorneys,

*/s/ Seth B. Orkand*
Seth B. Orkand (BBO # 669810)
Megan A. Siddall (BBO # 568979)
MINER ORKAND SIDDALL LLP
470 Atlantic Avenue, 4th Floor
Boston, Massachusetts 02210
Tel: (617) 273-8421
Fax: (617) 273-8004
sorkand@mosllp.com
msiddall@mosllp.com

**CERTIFICATE OF SERVICE**

I hereby certify that I served a true and accurate copy of the foregoing by ECF upon all counsel of record on April 13, 2020.

*/s/ Seth B. Orkand*
Seth B. Orkand